## MEXICO CITY BANKING CO. v. McINTYRE.

(Supreme Court, Appellate Division, First Department. June 9, 1905.)

ATTACHMENT—AFFIDAVITS—SUFFICIENCY—STATUTE.

An affidavit for attachment, made by one of plaintiff's attorneys, alleging on information and belief that the defendant obtained money from plaintiff in a foreign country by a forged draft; that the source of deponent's information was telegraphic communications from his partner, then in the foreign country, and from conversations with a detective, and the affidavit of an employé of plaintiff's attorneys, in which deponent swore that he was present when defendant was arraigned before a police magistrate, and heard the defendant state to the magistrate that he desired to plead guilty before a United States commissioner to the charge made by the plaintiff, and that the draft, to the forgery of which defend-

ant pleaded guilty, was the same draft on which the action was based—were sufficient, when taken together, to show the existence of a cause of action in favor of plaintiff against the defendant under Code Civ. Proc. § 636.

Appeal from Special Term, New York County.

Action by the Mexico City Banking Company against Philip McIntyre. From an order denying a motion to vacate an attachment, defendant appeals. Affirmed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

William C. Rosenberg, for appellant.
James Harold Warner, for respondent.

INGRAHAM, J. The defendant moved to vacate a warrant of attachment upon the papers upon which the attachment was granted upon the ground that the affidavits presented did not show that a cause of action against the defendant existed. Code Civ. Proc. § 636. An affidavit of one of the plaintiff's attorneys alleged upon information and belief that the defendant obtained by a forged draft the sum of $800 from the plaintiff in the city of Mexico; that the source of deponent's information was telegraphic communications from his partner, then in the city of Mexico, and from conversations with a representative of Pinkerton's Detective Agency. The communications from the deponent's partner in Mexico are not made a part of the affidavit, nor is it stated what the communications were. This affidavit, standing alone, was insufficient, but there was also presented an affidavit of an employé of the plaintiff's attorneys, in which he swears that he was present when the defendant was arraigned before a police magistrate, and heard the defendant state to the magistrate that he desired to plead guilty before a United States commissioner to the charge made by the plaintiff of having forged and cashed at its bank a draft for $800 purporting to be drawn by the cashier of the First National Bank of Chicago, payable to the defendant at the Hanover National Bank of New York, and that the draft the forgery of which defendant pleaded guilty to is the same draft upon which this action is based. This allegation corroborated the information received from one of the plaintiff's attorneys in Mexico, and the two affidavits together are sufficient to show that a cause of action in favor of the plaintiff against the defendant existed.

The motion to vacate the attachment was therefore properly denied, and the order appealed from is affirmed, with $10 costs and disbursements. All concur.